IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| JULIA E. BONNER | ) | TRIAL BY JURY DEMAND |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RESTORATION DEVELOPMENT, LLC. | ) | |
| d/b/a RENOVATIONS DELIVERED | ) | |
| | ) | |
| Defendant | ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. This is a claim for relief under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §§2000e- 2, to wit, the Pregnancy Discrimination Act amendment, 2000e(k). Jurisdiction is posited upon Title 28 U.S.C. §1343 (4).

2. Defendant is an employer within the meaning of the Act. The conduct complained of occurred within this judicial district, at Chicago, Illinois.

## ADMINISTRATIVE PROCEDURES

3. Before filing suit, plaintiffs filed a charge of discrimination against the employer with the Equal Employment Opportunity Commission, which issued its right-to-sue letter on January 23, 2018. This suit has been timely filed within 90 days of receipt of said right-to-sue letter.

## STATEMENT OF CLAIM

4. Between approximately May 12, 2016 and January 13, 2017, plaintiff was employed by defendant as a comptroller; at the time of her termination, she was earning an

annual wage of $51,000.00, with no benefits.

5. On or about November 18, 2016 plaintiff notified defendant (all three principals) that she was pregnant; shortly after that date, defendant began (a) cancelling her appointments with management to discuss her bookkeeping responsibilities and (b) reducing her work load. Plaintiff then complained to Eric Payne that she had "nothing to do." Plaintiff reminded that the administrative assistant (Chelsea Bonner) was assigned much of plaintiff's work, and that she would assume her responsibilities back.

6. On or about December 7, 2016 Eric Payne, one of the partners, met with plaintiff and asked her what her "plans" were regarding her due date and her time off. He also inquired what her plans for "working here" were, and whether she intended to remain employed. Plaintiff replied that she intended to remain employed and had no intention of resigning. She also indicated, "I know you don't have paid maternity leave, so I'm going to claim short-term disability while I take two weeks off." She also made clear that she intended to work right up the time of delivery, which was expected on or about July 6, 2017.

7. About December 8, 2016 the partners (Mike Seija, Eric Payne and John Stembaugh) began having meetings out of the office to interview for my replacement. Between December 8, 2016 and January 5, 2016 plaintiff was assigned little to no work, other than her AP/AR and payroll responsibilities. The work environment was uncomfortable, awkward and alienating; until, about January 5, 2017 at about 3:30 P.M., plaintiff had cleared up her work and was asked to asked to attend a meeting with Stembaugh and Seija. Mr. Seija then stated to plaintiff, "[S]ometimes the stars just don't align, and things don't work out—and this is one of those times, and we're gonna have to let you go, unless you want to stay on and train your replacement. We've hired somebody and she starts Monday." Plaintiff was instructed to take

January 6, 2017 off to "let everything soak in." Plaintiff, as a courtesy to the employer, remained on and trained her replacement for a few hours on January 9 and 11, 2017, for which she was paid hourly at $23.00. While on the employer's premises, on January 9, 2017 and January 11, 2017 plaintiff asked Mr. Eric Payne for a termination letter, which he delayed and deferred. On or about January 13, 2017 Mr. Payne notified plaintiff by email that she had been "officially" terminated, i.e., discharged from employment involuntarily.

8. As a result thereof, plaintiff was inconvenienced, humiliated, economically harmed and suffered loss of enjoyment of life, emotional pain and suffering and was diagnosed as suffering from major depressive disorder as a result of her unlawful discharge, because the epileptic plaintiff had been deprived of her income, after she had recently purchased a home in the Bridgeport neighborhood while pregnant, expecting a new baby, and requiring a stress-related gall bladder removal procedure, all as a direct and proximate result of the unlawful discriminatory discharge alleged, as permitted by 42 U.S.C. 1981a (b) (3).

**PRAYER FOR RELIEF**

9. Wherefore, plaintiff, JULIA E. BONNER, asks the court to enter judgment, upon the verdict of a jury, in her favor, and against the defendant for all reasonable relief to which she may be entitled under 42 U.S.C. 1981a, §2000e-5(g) and (k), and 42 U.S.C. 1981a(b)(3).

          /s/ Ernest T. Rossiello
          ERNEST T. ROSSIELLO

          ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
          134 North LaSalle Street, Suite 1760
          Chicago, Illinois 60602
          Telephone: (312) 346-8920

Attorney for Plaintiff